IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. C-07-466 |
| | § | |
| RICARDO BARRERA, ET AL. | § | |

## ORDER

Defendants Ricardo Barrera and Rolando Garcia have been indicted for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. (D.E. 1). On October 22, 2007, they were both scheduled to be arraigned. Because of concerns about the propriety of the proposed representation by Mr. Garcia's defense counsel, the arraignment was rescheduled for October 23, 2007 at 3:30 p.m.

## BACKGROUND

In February 2007, attorney Tyler Flood represented both defendant Barrera and defendant Garcia at a bond hearing in state court. These state charges concern the possession of marijuana that serves as the basis for this federal indictment. As part of this representation, Mr. Flood met with both Mr. Barrera and Mr. Garcia to discuss the charges for purpose of defending them at the state bond hearing.

On October 5, 2007, defendant Garcia had an initial appearance. (D.E. 12). On October 10, 2007, Mr. Flood filed a notice of appearance regarding his representation of Mr. Garcia. His arraignment and detention hearing were set for Monday, October 22, 2007. (D.E. 18).

On October 18, 2007, defendant Barrera had an initial appearance. (D.E. 21). During the course of this initial appearance, he indicated that he was represented by counsel and identified

Mr. Flood as the attorney who represented him.  Concerns were discussed about the conflict of interest Mr. Flood would have in representing both defendants in the same indictment.  His arraignment and detention hearing were set for Monday, October 22, 2007.  On Sunday, October 21, 2007, Thomas DuPont, II filed a notice of appearance regarding the representation of Mr. Barrera.  (D.E. 20).

On October 22, 2007 at the scheduled hearing, Mr. Flood acknowledged that he had represented both defendants during the state bond hearing.  He further indicated that he recognized representation of both in the federal action would be problematic and so Mr. DuPont was retained to represent Mr. Barrera.  The assistant United States Attorney objected to a conflict of interest based on Mr. Flood's representation of both defendants in state court.  The matter of the conflict of interest and whether Mr. Flood should be allowed to represent Mr. Garcia was rescheduled for October 23, 2007 to provide all parties an opportunity to prepare for the hearing.

At the October 23, 2007 hearing, Mr. Flood sought to continue representing Mr. Garcia despite the actual conflict created by his representation of both defendants in the state bond hearing.  He acknowledged that he contacted Mr. DuPont about representing Mr. Barrera because of his concerns about a conflict.  The assistant United States Attorney objected to the actual conflict of interest in the representation of Mr. Garcia by Mr. Flood.  He further argued that waiver would not likely cure the problem and that it was not necessary at this early stage of the criminal proceeding.

## DISCUSSION

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his

2

defence."  U.S. Const. amend. VI; <u>accord</u> <u>Wheat v. United States</u>, 486 U.S. 153, 158 (1988). This Sixth Amendment right further guarantees that a criminal defendant will be appointed an attorney if that person is unable to afford to hire an attorney.  <u>Gideon v. Wainwright</u>, 372 U.S. 335, 343-45 (1963).

When a court is on notice that a possible conflict of interest exists in the representation of a criminal defendant by a specific attorney, it must take adequate steps to safeguard against any conflict developing.  <u>See</u> <u>Wheat</u>, 486 U.S. at 160.  "Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation."  <u>Id.</u>  Indeed, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  <u>Id.</u>; <u>accord</u> <u>United States v. Vazquez</u>, 995 F.2d 40, 42 (5th Cir. 1993) (per curiam).

The Fifth Circuit, reviewing a conflict in hindsight, determined that "if a criminal defendant is represented at trial by an attorney, either appointed or retained, who labors under an actual, and not merely a potential, conflict of interest, the defendant has been denied effective assistance of counsel as a matter of law."  <u>United States v. Martinez</u>, 630 F.2d 361, 362 (5th Cir. 1980).  Moreover, prejudice need not be shown.  <u>Id.</u>; <u>United States v. Newell</u>, 315 F.3d 510, 516 (5th Cir. 2002).

An attorney that has represented one defendant and then seeks to represent another co-defendant in a criminal matter has a conflict of interest.  <u>See</u> <u>United States v. Benavides</u>, 664 F.2d 1255, 1259 n.6 (5th Cir. 1982) (discussing a number of cases addressing conflicts of interest).  "A lawyer places himself in an impossible situation when the defense of one client is perforce to the detriment of another client."  <u>Newell</u>, 315 F.3d at 516.  As the Fifth Circuit

3

further explained in <u>Newell</u>:

> When multiple representation exists, the source and consequences of the ethical problem are straightforward: "counsel represents two clients with competing interests and is torn between two duties. Counsel can properly turn in no direction.  He must fail one or do nothing and fail both."

<u>Id.</u> (citation omitted).

In <u>Wheat</u>, the Supreme Court explained the difficulties of determining whether an actual conflict will pose a prejudice to criminal defendants:

> [A] district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly.  The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.

486 U.S. at 162-63.  Accordingly, the Supreme Court determined that "the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  <u>Id.</u> at 163; <u>accord</u> <u>Vazquez</u>, 995 F.2d at 42.

Here, Mr. Flood has previously represented both Mr. Barrera and Mr. Garcia on state charges related to this federal indictment.  Now, he is representing just Mr. Garcia as his retained attorney.  However, his prior representation of Mr. Barrera creates an actual conflict of interest. The appropriate resolution in light of the fact that the prosecution is still in its preliminary stages is for Mr. Garcia to have another attorney who can represent him without jeopardizing Mr. Barrera's rights due to the conflict of interest.  Mr. Garcia can either hire a new attorney, or seek a court-appointed one.  At the end of the hearing, he indicated that he intended to hire a new

4

attorney.

It is well established that the Sixth Amendment does not afford a criminal defendant an absolute right to his chosen counsel.  See Wheat, 486 U.S. at 159 ("The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects."); United States v. Izydore, 167 F.3d 213, 220 (5th Cir. 1999) ("the right to counsel of choice is not an unfettered privilege"); United States v. Hughey, 147 F.3d 423, 428 (5th Cir. 1998) ("the Sixth Amendment simply does not provide an inexorable right to representation by a criminal defendant's preferred lawyer"); Neal v. Texas, 870 F.2d 312, 315 (5th Cir. 1989) ("there is no constitutional right to representation by a particular attorney").  Not only the rights of the criminal defendant must be protected, but the integrity of the judicial process must be safeguarded.  Again, as the criminal prosecution is in its early stages, it is best to eliminate the conflict of interest now so that it does not taint the proceedings in the future.  Indeed, removal now ensures that the defendant will receive fair representation and a fair trial.  See Wheat, 486 U.S. at 159 ("while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers"); accord Izydore, 167 F.3d at 220.

## CONCLUSION

It is hereby ORDERED that Mr. Flood's representation of Rolando Garcia be terminated due to the conflict of interest arising from his prior representation of co-defendant Ricardo Barrera.  Mr. Garcia's arraignment and detention will be rescheduled for Monday, October 29, 2007 at 10:00 a.m. in order to afford him time to hire a new attorney.

ORDERED this 24th day of October 2007.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE